NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY HUNTLEY WILLIAMS,

       Plaintiff - Appellant,

  v.

ROGER HARTSELL, Commissioner at Maricopa County Superior Court; JAY ROCK, Public Defender at Maricopa County Superior Court; UNKNOWN SPIRES, Mesa Police Officer at Mesa Police Department; MARICOPA COUNTY SUPERIOR COURT; MESA POLICE DEPARTMENT; COUNTY OF MARICOPA; MARICOPA COUNTY PROBATION OFFICE, named as: Adult Probation Department,

       Defendants - Appellees.

No. 23-2283

D.C. No. 2:23-cv-00630-SPL--ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 20, 2024**

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Huntley Williams appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because defendant Hartsell is entitled to absolute judicial immunity and Williams failed to allege facts sufficient show that defendant Spires arrested Williams without probable cause or that defendant Rock was acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318-19, 325 (1981) (explaining that a private attorney or public defender does not act under color of state law within the meaning of § 1983); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (explaining that the "absence of probable cause is a necessary element of [a] § 1983 false arrest" claim); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity).

We reject as unsupported by the record Williams's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Williams's "motion to challenge jurisdiction" (Docket Entry No. 13) is denied.

**AFFIRMED.**